

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **ICE CO. PRODUCTION W.L.L.** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 9:05-CV-003** |
| § | |
| § | **JUDGE THAD HEARTFIELD** |
| **C&R REFRIGERATION, INC.** § | |
| § | |
| **Defendant.** § | |

## ORDER GRANTING RELIEF FROM DEFAULT JUDGMENT

Before the Court is Defendant C&R Refrigeration, Inc.'s ("C&R") *Motion for Relief from Default Judgment* [Doc. #10], filed June 29, 2005.  Under Federal Rule of Civil Procedure 60(b)(1), C&R moves the Court for permanent relief from a default judgment entered against it April 12, 2005.  The Court, having considered the briefs submitted by the parties, the argument of counsel, and the testimony before the Court, is of the opinion that C&R's motion should be GRANTED.

I.  Background

Plaintiff ICE Co. Production W.L.L. ("ICE Co.") filed suit in this Court January 7, 2005, asserting breach of contract, breach of implied warranties, fraud, negligent misrepresentation, negligence, and gross negligence claims against C&R.  These claims arose after C&R sold ICE Co. two 75-ton ice plants (industrial-sized ice makers) in March of 2004.

ICE Co. perfected service of process on C&R by serving Ms. Audrey Jones, a C&R office assistant, on January 28, 2005.  Ms. Jones has since left C&R for personal reasons and eluded contact by the parties in this case.  The Court entered a no-answer default judgment against C&R on April 12, 2005.  C&R discovered the existence of the default judgment when plaintiff's counsel demanded payment via letter on June 17, 2005.

II.  Discussion and Analysis

Granting or denying a motion for relief from default judgment under Federal Rule of

Civil Procedure 60(b) rests within the sound discretion of the trial court. *See United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). Rule 60(b) provides the Court with a "grand reservoir of equitable power to do justice in a particular case." This "equitable reservoir," however, is not bottomless. This Court's discretion must be exercised in light of the balance struck by the federal rules between the goal of finality and the "incessant command of the court's conscience that justice be done in light of all the facts." *See id.* In appropriate cases, the goal of finality must be outranked by the goal of having a judgment reflect the true merits of a case. *See id.* The Fifth Circuit has expressly chosen a policy in favor of resolving cases on their merits and against the use of default judgments. *See Rogers v. Hartford Life and Acc. Ins. Co.,* 167 F.3d 933, 938 (5th Cir. 1999); *Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998).

Federal Rule of Civil Procedure 60(b) is a "remedial provision intended to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default." *Greater Baton Rouge Golf Assoc. v. Recreation and Park Comm'n*, 507 F.2d 227, 228 (5th Cir. 1975). C&R has requested relief solely under the provisions of Rule 60(b)(1).[1] The Court finds C&R entitled to relief under this rule.

### III. Excusable Neglect under Rule 60(b)(1)

Rule 60(b)(1) encompasses situations in which the movant's failure to respond is due to negligence. *See Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993).[2] The Fifth Circuit has instructed district courts to consider at least three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1):

(1) the extent of prejudice to the plaintiff;
(2) the merits of the defendant's asserted defense; and
(3) the culpability of the defendant's conduct. *See One Parcel of Real Property*, 763 F.2d at 183.

This Court may consider other factors, including whether the motion was made within a reasonable time, whether the interests in deciding the case outweigh the interest in the finality of the judgment, any public interest implications, and the amount of money at stake. *See Hibernia Nat'l Bank v. Administration Central Sociedad,* 776 F.2d 1277, 1280 (5th Cir. 1985); *Seven Elves, Inc. V. Eskenazi,* 635 F.2d 396, 402-03 (5th Cir. 1981).

A. Plaintiff's Prejudice

If a plaintiff will suffer prejudice by reopening an action, the court may deny a motion for relief. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498. Prejudice involves more than the annoyance from delay inherent in every case. *See Hibernia Nat'l Bank*, 776 F.2d at 1280. Delay

---

[1] Fed. R. Civ. P. 60(b)(1) provides for relief from default judgments when the failure to answer was due to "(1) mistake, inadvertence, surprise, or excusable neglect."

[2] The *Pioneer Inv. Servs. Co.* case sounded in bankruptcy. However, the Court's interpretation of "excusable neglect" is specifically analyzed in terms of Rule 60(b) and relies upon the plain meaning of those words. The Court's analysis of "excusable neglect" applies in non-bankruptcy cases as well. *See Stutson v. United States*, 516 U.S. 193, 194-196, 116 S.Ct. 600, 602-03, 133 L.Ed.2d 571 (1996).

in judgment collection or requiring a plaintiff to litigate the merits of a claim are insufficient prejudices for allowing a default judgment to stand. "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp,* 227 F.3d 290, 293 (5th Cir. 2000).

Although ICE Co. has objected to C&R's supporting affidavit, it has presented no evidence of prejudice. There is no evidence in the record that setting aside the default judgment will cause ICE Co. to lose evidence, will increase ICE Co.'s difficulty in obtaining discovery, or will thwart ICE Co.'s ability to obtain relief. The Court therefore concludes that there is no indication that ICE Co. will suffer any prejudice other than that which is inherent in litigation. This factor weighs in favor of setting aside the default judgment.

  B. Meritorious Defense

As mentioned above, C & R must show that it has a meritorious defense. What does that mean? In the case of *Azzoopardi v. Ocean Drilling & Exp. Co.,* 742 F.2d 890, 895 (5th Cir. 1984), the Fifth Circuit instructs that a meritorious defense exists when the outcome of the case could be different if defendant's evidence were allowed to go to trial on the merits. Right now, C&R need not prove that it is likely to succeed on the merits; instead, it only needs to show that the evidence it has submitted, if proven at trial, would constitute a defense. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993).

ICE Co. claims breach of contract, breach of implied warranties of merchantability and fitness for a particular purpose, fraud, negligence, and gross negligence against C&R. C&R, through the live testimony of its president Robert Reeves, presented numerous facts that could change the outcome of this case at trial. For this motion it is not necessary to list these facts line-by-line. However, examining their general nature is useful for the Court's analysis.

Mr. Reeves described numerous activities by ICE Co.'s employees, both in Texas and Kuwait, that could lead a fact finder to decide this case in C&R's favor. Mr. Reeves described how ICE Co.'s representative, Mr. Issa Ajax, traveled from Kuwait to Texas to learn how to install industrial ice machines but instead spent weeks at a Casino in Shreveport, Louisiana. Mr. Reeves stated that Ajax's failure to familiarize himself with the equipment in Texas created numerous problems and difficulties in Kuwait. Mr. Reeves sent on-site technicians to Kuwait, and these technicians reported that ICE Co. had improperly installed and operated the ice machines and had made numerous modifications to the plans sold by C&R. The ice machine safety controls were allegedly disconnected by ICE Co. and 3/4" diameter water feed lines were used instead of 3" lines–resulting in a water volume decrease of roughly 13 times of what it should have been. Mr. Reeves stated that, even though they operated the machines in 100°F temperatures, ICE Co. declined to purchase a water chiller. Finally, Mr. Reeves offered testimony touching on the contract signed between C&R and ICE Co. and the communications between C&R and ICE Co. representatives Mr. Ajax and Mr. Kamal Al-Sul.

The requirement of a meritorious defense is only intended to ensure that the Court's order vacating the judgment is not an exercise in futility. The Court is satisfied that C &R has met its burden.

  C. Culpability of C&R's Conduct

When a defendant's negligence is part of its failure to respond, that defendant must

convince the Court that its negligence was excusable. *Rogers v. Hartford Life and Acc. Ins. Co.,* 167 F.3d 933, 939 (5th Cir. 1999) (citing *Baez v. S.S. Kresge Co.,* 518 F.2d 349, 350 (5th Cir. 1975). A defendant's failure to prove "minimum internal procedural safeguards" would allow this Court to deny relief from a default judgment. *See id.*

ICE Co. argues not only that C&R failed to establish "minimum internal procedural safeguards" but that C&R had no special procedure at all for handling mail. ICE CO. directs the Court to *Gibbs v. Air Canada,* 810 F.2d 1529 (11th Cir. 1987), *Baez v. S.S. Kresge Co.,* 518 F.2d 349 (5th Cir. 1975) and *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533 (M.D. Ala 1997). However, the facts of these cases are not directly applicable to the matter before the Court.

In the *Heaton* case, the corporate defendant squandered a second chance to avoid default judgment when a senior vice-president received the complaint but did not follow up on it after forwarding to corporate counsel. *Gibbs* involved service of process upon a regional manager who forwarded the complaint to in-house counsel. The *Baez* case involved service upon a corporate registered agent who never delivered the complaint to the corporate home office. Each of these cases dealt with service upon a member of management or a corporate agent. In our case, the record evidence shows that Mrs. Audrey Jones, a front office clerical employee no longer with the company, signed for the complaint at the post office but never delivered it to any member of management within C&R.

Neither did Mrs. Jones follow C&R's established internal procedures for handling mail. Mr. Reeves testified that all mail, regardless of classification, was to be forwarded to Mrs. Bess Reeves for processing. Mrs. Reeves is responsible for date stamping and distributing the mail appropriately throughout C&R. This Court received evidence that C&R conducts business internationally and is therefore required to have an orderly mail procedure. Mr. Reeves testified that C&R normally processes between 75 and 100 pieces of mail a day without trouble. Although these procedures have not been reduced to writing, they are understood to exist by C&R's management and are followed every day to allow the successful functioning of the company.

Although the original complaint in this matter remains lost, the Court is of the opinion that isolated human error–and not a failure to establish minimal procedural safeguards–is to blame. The Court cannot conclude that C&R lacks minimum procedural safeguards for ensuring lawsuits are timely answered, and this factor cannot weigh against the Court's ability to set aside this judgment.

D. Other Factors

1. Length of Delay

In deciding a motion to set aside a default, a court may consider whether the defendant acted expeditiously to correct its default. *Matter of Dierschke,* 975 F.2d 181, 184 (5th Cir. 1992). After receipt of ICE Co.'s demand letter, C&R filed its motion to set aside the default judgment six business days later. This is within a reasonable time. *See Seven Elves*, 635 F.2d at 403 (finding that motion fled 12 days after discovery of the judgment was within reasonable time).

2. Amount of Money Involved

In *Seven Elves*, the Fifth Circuit determined that a default judgment for $250,000

deserved to be set aside because "the amount of money involved is very great, itself militating in favor of a full trial on the merits." 635 F.2d at 403. More than $1.2 million is at stake here. The Court is of the opinion that this much money weighs in favor of setting aside the default judgment.

    3. Good Faith

There is no evidence before the Court suggesting C&R's failure to answer was in bad faith. There is also no indication that C&R used the default judgment as a delay tactic. The Court weighs this factor in favor of setting aside the default judgment.

    4. Public Interest Factors

District courts do not have to treat the three factors from *One Parcel of Real Property* as exclusive; instead, they may rely on other relevant factors—including the public interest. The Court is mindful of what a default judgment of more than $1.2 million would mean for relatively small refrigeration company in Center, Texas. Mr. Reeves testified that, in order to satisfy the default judgment, C&R employees would have to be laid off. The Court weighs this in favor of setting aside the default judgment.

### IV.  Conclusion

The Court has carefully weighed the facts and arguments in this case and finds that vacating the default judgment will not prejudice ICE Co. and that C&R has asserted several viable defenses to ICE Co.'s complaint. Further, the Court finds the failure of C&R to timely answer was the result of isolated human error. There is no evidence of bad faith by C&R. Rather, upon learning of the default judgment, C&R promptly took action to cure the default. The Court also finds that both the large amount of money involved and the public's interest are powerful equities favoring setting aside the default judgment.

    **IT IS THEREFORE ORDERED** that C&R's *Motion for Relief from Default Judgment* [Doc. # 10] is **GRANTED.**

    **IT IS FURTHER ORDERED** that the default judgment in this matter is **SET ASIDE** and those portions of the Court's previous orders requiring C&R to post a bond of $1,288,372 [Docs. #13 and #17] are **VACATED**.

    **IT IS FURTHER ORDERED** that the Court will abate the issue of attorney's fees pending further briefing, affidavit evidence, and responsive briefing by the parties.

    **SO ORDERED.**

    **SIGNED** this the 26 day of **July, 2005.**

_____
Thad Heartfield
United States District Judge